**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RYAN K. GOSSE and CLYDE W. DAVIES, individually and as representatives of a Class of Participants and Beneficiaries of the Dover Corporation Retirement Savings Plan, <br><br>     Plaintiffs, <br><br> vs. <br><br> DOVER CORPORATION, *et al.* <br><br>     Defendants. | Case No: 1:22-cv-04254 <br><br> District Judge LaShonda A. Hunt |

## DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

Deborah S. Davidson
Thomas H. Severson
Kevin F. Gaffney
MORGAN, LEWIS & BOCKIUS, LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 324-1000
Facsimile: (312) 324-1001
deborah.davidson@morganlewis.com
tom.severson@morganlewis.com
kevin.gaffney@morganlewis.com

Keri L. Engelman (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
keri.engelman@morganlewis.com

Jared R. Killeen (*pro hac vice*)
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
jared.killeen@morganlewis.com

*Attorneys for Defendants*

Defendants Dover Corporation ("Dover"), the Compensation Committee of the Board of Directors of Dover Corporation (the "Board"), the Dover Corporation Benefits Committee (the "Committee"), Kristiane C. Graham, Michael F. Johnston, Keith E. Wandell, Mary A. Winston, and Daniel J. Curcio (together, "Defendants"), through the undersigned counsel, respectfully request that this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss with prejudice Plaintiff Ryan Gosse's and Clyde W. Davies' Second Amended Complaint in its entirety and with prejudice. In support of their motion, Defendants state as follows:

1. This is Plaintiffs' third attempt to plead an ERISA fiduciary-breach claim regarding the Dover Corporation Retirement Savings Plan (the "Plan"). In their Second Amended Complaint ("SAC"), Plaintiffs again assert that Defendants allowed Plan participants to pay excessive recordkeeping and administrative ("RKA") fees to the Plan's recordkeepers—first, Wells Fargo Bank N.A. ("Wells Fargo"), and then Merrill Lynch ("Merrill"). Plaintiffs purport to show the Plan's fees were unreasonable during the putative class period by comparing them to the alleged RKA fees paid by ten other retirement plans in a single year.

2. This Court already dismissed this claim once, likening Plaintiffs' "barebones" allegations to those the Seventh Circuit rejected in *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022), which affirmed dismissal of nearly identical claims brought by the same lawyers. The SAC cures none of the previous complaint's fatal flaws. Instead, Plaintiffs double down on the same murky fee comparisons this Court already rejected—and which other courts in the Seventh Circuit have rejected following *Albert* and *Hughes v. Nw. Univ.*, 63 F.4th 615, 630 (7th Cir. 2023) ("*Hughes II*"). This Court should again dismiss the SAC.

3. First, Plaintiffs' recordkeeping-fee claim fails because the SAC does not "provide a sound basis for comparison" for the Plan's alleged RKA fees. *Albert*, 47 F. 4th at 582 (citation

omitted). Instead, Plaintiffs' comparisons are meaningless because they continue to use an inconsistent methodology that compares the average RKA fees paid by the Plan over multi-year periods to the fees paid by the comparators in just a *single year*, while also using different sets of comparators with different alleged fee ranges for different years. This mix-and-match pleading does not pass muster.

4. Second, Plaintiffs do not allege the *total* RKA fees paid by the comparator plans. For eight of the ten comparators, Plaintiffs' RKA fee calculations do not reflect that the plans' sponsors—rather than the plans' participants—paid all or some of the plans' RKA fees. Plaintiffs also include fees for "a la carte" and "ad hoc" services in computing the Plan's RKA fees, without accounting for how those participant-elected-service fees—incurred on a per-service basis—impact the average per-participant costs of their comparator plans.

5. Third, Plaintiffs do not plausibly allege the Plan's recordkeeping fees "were excessive relative to the recordkeeping *services rendered*." *Albert*, 47 F.4th at 580 (emphasis added). Like the complaint in *Albert*, the SAC says *nothing* about the specific RKA services provided to each comparator plan, much less how those services compare in level and quality to the services provided to the Plan. Instead, Plaintiffs make the bald assertion that every recordkeeper *offers* the same "commodified and fungible" suite of RKA services and every large retirement plan *selects to receive* the same exact services from within that suite. But, as explained in *Albert,* this conclusory assertion is implausible and fails to show the Plan paid too much for the same RKA services provided to other plans. 47 F. 4th at 580.

6. Because Plaintiffs yet again allege no facts from which this Court could infer that the Plan's RKA fees were "outside a range of reasonableness," *Hughes II*, 63 F.4th at 630, this Court should dismiss Plaintiffs' imprudence claim in Count I. This Court should also dismiss

Plaintiffs' derivate "failure to monitor" claim in Count II.

WHEREFORE, for the foregoing reasons, and as explained in greater detail in Defendants' accompanying memorandum of law, the Court should dismiss the SAC in its entirety, with prejudice.

Dated:  September 24, 2024

Respectfully submitted,

*/s/ Deborah S. Davidson*
Deborah S. Davidson
Thomas H. Severson
Kevin F. Gaffney
MORGAN, LEWIS & BOCKIUS, LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
Telephone: (312) 324-1000
Facsimile: (312) 324-1001
deborah.davidson@morganlewis.com
tom.severson@morganlewis.com
kevin.gaffney@morganlewis.com

Keri L. Engelman (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
keri.engelman@morganlewis.com

Jared R. Killeen (*pro hac vice*)
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
jared.killeen@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF Filing Systems on this September 24, 2024.

*/s/ Deborah S. Davison*
Deborah S. Davidson